CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

AUG 2 9 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALEXANDER MARTIN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:08-cv-00488 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DR. COLIN ANGLIKER, et. al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Alexander Martin, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Martin, an inmate at Marion Correctional Treatment Center ("MTCT"), alleges in his complaint that the defendant prison doctor "psychologically defamed" him by diagnosing him as paranoid schizophrenic and delusional. Martin also alleges that doctors, treatment teams, and inmates are using him as an experimental research subject and exploiting him for money. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

Martin's claims consist of the following conclusory accusations:

I have been psychologically defamed by; the diagnosis the doctor has given me[2] and I'm being made a subject of unlawful investigational and experimental research with intent to confool [sic] me, and then, defraud me, defame me, extort me, swindle me for a fortune, abuse me and use me to [incite] riots, and destroy me and [incite] gang wars. I have been forced to live in conditions that are a danger to me. I have been

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

[2] In answer to questions about his use of the prison grievance system, Martin states that he filed a grievance and the doctor responded that he "was paranoid schizophrenic and delusional and that [he] needed treatment at Marion and that [he] did not realize it.

1

> forced to live with people who have killed my family (other inmates) and raped and brutally beat my family. I have been exploited–the inmates and treatment teams doctor is learning something from me; exploited me for my ability to earn money exploited me and already have extorted me for a fortune. Says they want more money or the staff and inmates will kill me.

As relief in this action, Martin states: "I want to file suit against the doctor and treatment teams for money, all assets they own. I want them to be punished to the fullest extent of the law. To be released from prison and deported."

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Martin's assertion that he has been defamed does not state any constitutional claim actionable under § 1983 against anyone. See Paul v. Davis, 424 U.S. 693 (1976) (finding that defamation is not sufficient to state §1983 claim absent showing that it caused injury to constitutionally protected right). Section 1983 provides a vehicle for vindication of rights arising under the constitution or other federal laws, not rights arising under state laws. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). To the extent that Martin may have some defamation claim against someone under Virginia state tort law, the court declines to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c), and dismisses such claims without prejudice. In any event, Martin fails to state any facts on which he could prove that the doctor's diagnosis of his mental health condition is false, a key component of any tort claim for defamation.

As for Martin's other allegations, the court finds that they must be dismissed as frivolous, pursuant to § 1915A(b)(1). Under § 1915A, the district court has the authority to dismiss prisoner complaints as frivolous if they are based on "indisputably meritless legal theories" or "clearly

2

baseless" or "fanciful" factual contentions. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989) (interpreting former version of § 1915(d)). Under this standard of frivolity, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992). With this authority to "pierce the veil" of a plaintiff's conclusory accusations in determining the substantive merits of a complaint, the court concludes that Martin fails to state any factual basis for his allegations of extortion, experimental research, and threats to his life at MCTC. His story is simply too fanciful and delusional to warrant further factual development in this lawsuit. Accordingly, the court finds that plaintiff's complaint must be summarily dismissed without prejudice as frivolous, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 29th day of August, 2008.

*/s/ James C. Turk*
Senior United States District Judge